

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SIERRA CLUB and AMERICAN BOTTOM CONSERVANCY, Plaintiffs, | |
| v. | No. 06 C 4000 |
| STEPHEN L. JOHNSON, in his official capacity as Administrator, United States Environmental Protection Agency, Defendant. | Wayne R. Andersen District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of the defendant Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("Administrator"), to dismiss plaintiffs Sierra Club and American Bottom Conservancy's complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(6).

The Plaintiffs brought this action against the Administrator to compel the Administrator to issue or deny a Clean Air Act permit for the Onyx Facility, in Sauget, Illinois. The Administrator claims there is no justiciable controversy which allows the Plaintiffs to bring suit, but even if there were, their case would be moot because the Administrator began conducting permit proceedings for Onyx after the lawsuit was filed. The essence of their disagreement is the meaning of a provision of the Clean Air Act, which says, if a state fails to submit a permit within 90 days after an Administrator's objection, "the Administrator shall issue or deny the permit in

accordance with the requirements of this subchapter." 42 U.S.C. § 7661d(c). The Administrator claims that, because the provision fails to state a specific time by which the Administrator shall issue or deny the permit, the duty is not nondiscretionary. The Plaintiffs claim this interpretation leads to the absurd result that the Administrator may issue or deny the permit whenever it chooses, whether on a timely basis or not. Although we cannot know whether Congress intended for the permit to be issued or denied within a day, a week, or a year, we believe that "shall" does not mean "whenever," and believe the statute is meaningless without a time frame. We therefore hold that whatever the time frame is, the Administrator is well past the time limit. The plaintiffs have put it aptly. It has been eleven years since Onyx's application, nine years since the Illinois Environmental Protection Agency was to have issued the permit, three years since the IEPA's initial proposed permit, and nine months since the Administrator's objection. As of now, the Administrator still has not either issued or denied the permit. For the following reasons, the defendant's motion to dismiss is denied.

## BACKGROUND

Congress enacted the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1). In 1990, Congress amended the Clean Air Act to add Title V, which required all major stationary sources of air pollution to obtain operating permits. Because Congress found that the primary responsibility for preventing and controlling air pollution fell to states and local governments, Title V required each state to develop and implement its own permitting program which at least minimally met

the regulations promulgated by the EPA.

Congress established the following timetable for the process: each state was to have submitted to the EPA its permitting program by November 15, 1993 for the Administrator's approval, which was to be granted or denied in no later than one year. Within twelve months of the Administrator's approval, every major stationary source of air pollution was required to apply for a Title V permit. Within three years, each of these sources was to be operating under that Title V permit.

The Onyx Facility ("Onyx") applied for a Title V permit on September 7, 1995. It still does not have one. Pursuant to the EPA's Title V regulations, the IEPA was required to forward permit applications, proposed permits, and final permits to the Administrator, who was to review the applications and permits within forty-five days and object to those which violated the CAA. In the event the Administrator failed to object, the CAA allows the public to petition the Administrator to object to a permit due to noncompliance with the CAA.

IEPA did not submit Onyx's September 7, 1995 permit application to the Administrator until November 6, 2003. On February 18, 2004, Plaintiffs petitioned the Administrator to object to the proposed Title V permit. On August 2, 2005, after the Administrator had failed to grant or deny the Plaintiffs' petition within sixty days, the Plaintiffs filed suit in the Northern District of Illinois. District Judge Samuel Der-Yeghiayan entered a consent decree ordering the Administrator to respond to Plaintiffs' petition. See *Sierra Club v. EPA*, No. 05-4425 (N.D. Ill. Feb. 24, 2006) (consent decree). The Administrator issued objections in an administrative order dated February 1, 2006.

When IEPA did not submit a revised permit within ninety days, Plaintiffs issued a letter

of intent to bring suit pursuant to 42 U.S.C.§ 7604(a)(2), which states that "any person may commence a civil action on his own behalf . . . against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). The present suit commenced on July 24, 2006.

On September 29, 2006, the day on which the Administrator was due to file an answer in the present case, he wrote a letter to Onyx, informing the company of "the requirement to submit an application for a Clean Air Act Title V federal operating permit." The Administrator wrote that he was "initiating the process to issue or deny a Title V permit" for Onyx, and that after he received Onyx's application, he will issue a "draft decision on issuance or denial of a Title V permit." He further states that the letter "does not represent final Agency action to issue or deny a permit. . . under Title V."

The Administrator claims this letter satisfies his duty under the Clean Air Act because he is "conduct[ing] federal Title V permit proceedings for the facility." The Plaintiffs contend that allowing the Administrator to satisfy his duty in this way will delay the already long overdue permit by another two or three years.

## DISCUSSION

In reviewing a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), the court's role is not to consider how likely the plaintiffs are to succeed but simply whether they are entitled to offer evidence to support their claims. *Triad Assocs. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir.1989), quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court must accept the

factual allegations made by the plaintiffs as true and draw all reasonable inferences in the plaintiffs' favor. *DeWalt v. Carter*, 224 F.2d 607, 612 (7th Cir. 2000). "It is well established . . . that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir. 1987).

The standard for deciding a motion to dismiss for lack of subject matter jurisdiction is the same as a motion to dismiss except that a court is not restricted to the jurisdictional contentions asserted in the complaint but may use other evidence that has been submitted on the issue of determining whether subject matter jurisdiction actually does exist. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

The Administrator's basis for his motion to dismiss is that the court lacks subject matter jurisdiction to hear this case because: (1) there is no justiciable case or controversy; (2) Plaintiffs' claims fall outside the scope of the United States waiver of sovereign immunity in the CAA's citizen suit provision; (3) the declaratory relief claimed by the Plaintiffs falls outside of the scope of the United States' waiver of sovereign immunity in the CAA's citizen suit provision; (4) 28 U.S.C. § 1331 contains no waiver of sovereign immunity; and (5) 28 U.S.C. § 2201 confers no jurisdiction and contains no waiver of sovereign immunity. We will examine each of these in turn.

*A. Case or Controversy*

The Administrator argues there is no live, justiciable case or controversy, and therefore the Plaintiffs do not have standing. Under Article III of the Constitution, a party must

demonstrate standing in order to satisfy the "case or controversy" requirement necessary to the exercise of our judicial power. *Simmons v. I.C.C.*, 900 F.2d 1023, 1026 (7th Cir.1990). The standing inquiry demands a three-part showing: "(1) the party must personally have suffered an actual or threatened injury caused by the defendant's allegedly illegal conduct, (2) the injury must be fairly traceable to the defendant's challenged conduct, and (3) the injury must be one that is likely to be redressed through a favorable decision." *Sanner v. Board of Trade of City of Chicago*, 62 F.3d 918, 922 (7th Cir. 1995) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982)). In this case, the Plaintiffs allege that its members, who breathe, use and enjoy the ambient air around the area of Sauget, Illinois, have been injured because their health and use of the air is impaired by the pollution in the air caused by the Onyx facility. The Plaintiffs also allege that Administrator's delay in issuing or denying the permit directly harms them because the permit or permit denial would result in fewer air pollution emissions than Onyx currently emits. Finally, the Plaintiffs claim that the injury will be redressed because the final permit is required to include monitoring and reporting of air pollution emissions, which will ensure compliance with all applicable permit limits and requirements and ultimately reduce air pollution.

We respectfully disagree with the Administrator's claim that its September 29, 2006 letter demonstrates that it is already conducting Title V proceedings for the Onyx Facility, thereby making the Plaintiffs's claims moot. Until the Title V permit is issued or denied, there is a case or controversy. The Plaintiffs have met the threshold requirements for standing in this case.

## B. CAA's Citizen Suit Provision

Federal courts, as courts of limited jurisdiction, lack subject matter jurisdiction over claims against the federal government absent an express statutory waiver which unequivocally expresses a waiver of statutory immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 37 (1992). 42 U.S.C.§ 7604(a)(2) expressly waives the sovereign immunity of the United States by granting district courts jurisdiction "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator."

The Administrator claims that this court lacks subject matter jurisdiction to hear this case because the Plaintiffs cannot establish that the Administrator has a non-discretionary duty to issue or deny the Title V operating permit to Onyx under 42 U.S.C. § 7661d(c), the basis for the citizen suit provision in 42 U.S.C.§ 7604(a)(2). 42 U.S.C. § 7661d(c) states:

> If the permitting authority fails, within 90 days after the date of an objection under subsection (b) of this section, to submit a permit revised to meet the objection, the Administrator shall issue or deny the permit in accordance with the requirements of this subchapter. No objection shall be subject to judicial review until the Administrator takes final action to issue or deny a permit under this subsection.

42 U.S.C. § 7661d(c). The Administrator states that his duty is *mandatory, but not nondiscretionary*. He argues that § 7661d(c) does not include a duty to act by a "date certain," a specific date or time frame by which he must complete the Title V permit process. Therefore, the Administrator claims, "conduct[ing] federal Title V proceedings," and "initiating the process to issue or deny a Title V permit" satisfies § 7661d(c)'s requirements. We respectfully disagree. It doesn't seem logical that Congress imposed a deadline for citizens to petition the Administrator to object to a permit, for the Administrator to respond to a petition, and for a state to correct the permit after the Administrator's objections, as required by 42 U.S.C. §§ 7661d(b)(2) and (c), but

7

allowed the Administrator to begin again the entire lengthy process if the state misses its deadline. Nor is that result congruous with 40 C.F.R. § 71(e), examined above. The Administrator claims that § 7661d(b) "directs EPA to conduct a new permit process in accordance with the general requirements of Title V." The Administrator's interpretation unnecessarily complicates an already complex statute, makes a long process longer, and undermines attaining the goal of cleaner air.

We therefore hold that the duty to issue or deny a permit under 42 U.S.C. § 7661d(c) is nondiscretionary, and therefore the Plaintiffs' claims are contained within the United States' waiver of sovereign immunity in 42 U.S.C.§ 7604(a)(2).

*C. Declaratory Relief*

The Administrator claims that the declaratory relief sought by the Plaintiffs fall outside of the scope of the United States' waiver of sovereign immunity in the CAA's citizen suit provision. We have already found that 42 U.S.C. § 7604(a)(2) waives the Government's sovereign immunity to the Plaintiffs' claims. Now the Administrator argues that the waiver under 42 U.S.C. § 7604(a)(2) does not encompass declaratory relief, an argument against which the Plaintiffs takes no position in their brief. The Plaintiffs do claim, however, that 28 U.S.C. § 1331 provides jurisdiction because the Government has waived immunity under 42 U.S.C. § 7604(a)(2), and that 28 U.S.C. § 2201 provides an additional remedy of declaratory relief. 28 U.S.C. § 1331 provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331. 28 U.S.C. § 2201 provides:

8

> (a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. The Administrator agrees that 28 U.S.C. § 2201 provides an additional remedy "in cases where jurisdiction is otherwise established." *Staacke v. Secretary of Labor*, 841 F.2d 278, 280 (9th Cir. 1988).

We take no position as to whether 42 U.S.C. § 1331 provides jurisdiction because we have already found that 42 U.S.C. § 7604(a)(2) provides jurisdiction. We find that the declaratory relief sought by the Plaintiffs is appropriate under 42 U.S.C. § 2201.

The Administrator's motion to dismiss is denied.

## CONCLUSION

For all the foregoing reasons, the Administrator's motion to dismiss the Plaintiffs' complaint [13] is denied. The parties are hereby ordered to appear in front of this court on June 21, 2007 at 9:00 a.m. to discuss the resolution of this case. The Administrator is ordered to report to the court the date by which he will issue or deny the Title V permit.

It is so ordered.

Wayne R. Andersen
District Judge

Dated: May 21, 2007